UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jason Bryant, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Santander Consumer USA Inc., | **COMPLAINT** |
| | JURY |
| Defendant. | |

For this Complaint, the Plaintiff, Jason Bryant, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Jason Bryant ("Plaintiff"), is an adult individual residing in Prosper, TX, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.Defendant Santander Consumer USA Inc.("Santander"), is a Dallas, TX business entity with an address of Santander Consumer USA Inc, 8585 N STEMMONS FWY STE 1100N Dallas, TX 752473822 USA , operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.The Debt**

6.The Plaintiff incurred a financial obligation (the "Debt") to RoadLoans (the "Creditor").

7.The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.The Debt was purchased, assigned or transferred to Santander for collection, or Santander was employed by the Creditor to collect the Debt.

9.The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.Santander Engages in Harassment and Abusive Tactics**

10.Defendant began sending statements to Plaintiff on his auto loan in early 2010.

11.Plaintiff was paying his bill each month and many times would pay more than the payment due.

12.Plaintiff would send his payments into Defendant before the due date.  Despite this, each month Defendant would indicate that a late fee, and past due amount were due.  The next month, Plaintiff would pay more than the amount due and pay enough to pay the late

charge, even though he disputed the late charge. Even in these situations, the next statement would also include a late fee and past due amount.

13. Plaintiff has not made any late payments to Defendant.

14. When Plaintiff contacted Defendant about the charges, he was informed that he had to request that they not charge a late charge or they will charge one on his statement. Further, Plaintiff was told that he had to request that a portion of his payment go to the late charge or Defendant would keep charging the late fees. Plaintiff did indicate that one of his overpayments be used for the late fees, however, the fee continued to be on the next bill.

15. Plaintiff has tried on numerous occasions to speak with Defendant and resolve the issue, but they continued to have late fees on his account when he was not late on his payment.

**C.    Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692h in that Defendants did not apply payments to multiple debts in the order specified by the Plaintiff.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

28. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

29. The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

30. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

34. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 28, 2010

    Respectfully submitted,
    By: __/s/ Diana P. Larson_____
    Diana P. Larson, Lead Attorney
    Texas Bar No. 24007799
    The Larson Law Office, PLLC
    440 Louisiana, Suite 900
    Houston, Texas 77002
    Telephone: (713) 221-9088
    Facsimile: (832) 415-9762
    Email: diana@thelarsonlawoffice.com

    <u>Of Counsel To:</u>
    LEMBERG & ASSOCIATES L.L.C.
    A Connecticut Law Firm
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile: (877) 795-3666
    ATTORNEYS FOR PLAINTIFF